IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY CARTER,<br><br>    Plaintiff,<br><br>  v.<br><br>ED FOULK, et al.,<br><br>    Defendants. | No. C 09-5276 SBA (PR)<br><br>**ORDER DENYING MOTION FOR SANCTIONS; AND DIRECTING PLAINTIFF TO SHOW CAUSE WHY CLAIMS AGAINST UNSERVED NAMED DEFENDANTS SHOULD NOT BE DISMISSED** |

Plaintiff, who is being housed at the Napa State Hospital (NSH), has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983. He has paid the full filing fee.

Venue is proper because the events giving rise to the claims are alleged to have occurred at NSH, which is located in this judicial district. See 28 U.S.C. § 1391(b).

In his complaint, Plaintiff names the following Defendants: Executive Director Ed Foulk, Clinical Administrator Carmen Caruso, and "Members of Ward T-1 Treatment Teams whose names are unknown." Plaintiff seeks declaratory and injunctive relief as well as monetary damages.

To date, Plaintiff has not filed a proof of service on any of the Defendants named above. Instead, Plaintiff has filed a motion entitled, "Request for Sanctions Against Defendants and Request for Service of Process." Plaintiff claims that he "arranged for [his] sister Rosie Carter/Alexander to mail a notice of lawsuit, a request for waiver of summons, a copy of the complaint, and a waiver of summons form to Napa State Hospital Defendants Ed Foulk and Carmer Caruso, pursuant to the Federal Rules of Civil Procedure, Rule 4(d)(1)." (Pl.'s Mot. at 1.) Plaintiff claims his sister "mailed the aforesaid documents to the defendants by certified mail to attempt to avoid unnecessary costs of serving the summons and complaint on the defendants." (Id.) He alleges that "certified mail return receipts were signed by Napa State Hospital personnel on or about December 16, 2009 and December 17, 2009, and it appears the receipts were signed by different persons on those dates." (Id.) Plaintiff also claims that he "did not receive anything in the mail indicating the Defendants mailed the waiver of summons forms to the Court . . . ." (Id.) Plaintiff requests that "sanctions . . . be levied against the defendants." (Id. at 2.)

Plaintiff has attached the "certified mail return receipts" to his motions; however, as mentioned above, he has failed to file formal proof of service on any of the Defendants named above. Accordingly, the Court DENIES Plaintiff's motion for sanctions.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If service of a summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Here, Plaintiff's complaint has been pending for over 120 days and thus, absent a showing of "good cause," claims against the unserved defendants are subject to dismissal without prejudice. See Fed. R. Civ. P. 4(m).

Recognizing the fact that he is a pro se litigant, the Court finds good cause exists to extend the service deadline under Rule 4(m). Within **thirty (30) days** from the date of this Order, Plaintiff shall file proof that he has served the named Defendants. Plaintiff is directed to file formal proof of service forms, and to not simply attach "certified mail return receipts" as proof that he has served the named Defendants. The failure to do so will result in the dismissal of all claims against these named Defendants without prejudice.

Even if a prisoner pays the fee and serves the complaint on his own, the Court is still required to review the action before it can proceed. See 28 U.S.C. § 1915A(a) (federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.) Once Plaintiff has filed proof that he has served the named Defendants, the Court will screen it in a separate written order.

It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fifteen (15) days** prior to the deadline

2

1  sought to be extended.

2      This Order terminates Docket no. 3.

3      IT IS SO ORDERED.

4  DATED: 5/10/10

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

G:\PRO-SE\SBA\CR.09\Carter5276.OSC(4m).frm 3

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

BILLY R. CARTER,

   Plaintiff,

v.

ED FOULK et al,

   Defendant.

Case Number: CV09-05276 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 12, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Billy R. Carter
Napa State Hospital
2100 Napa Vallejo Hwy
Napa, CA 94558

Dated: May 12, 2010

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\CR.09\Carter5276.OSC(4m).frm 4