1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11  BILLY R. CARTER,                    )        No. C 09-5276 LHK (PR)
                                        )
12           Plaintiff,                 )        ORDER OF DISMISSAL
                                        )        WITH LEAVE TO AMEND
13      v.                              )
                                        )
14  ED FOULK, et al.,                   )
                                        )
15           Defendants.                )
    _____)

16
          Plaintiff, a civilly committed patient at Napa State Hospital ("NSH"), proceeding *pro se*,

17  filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  On September 27, 2010, the Court

18  dismissed the complaint with leave to amend and directed Plaintiff to file an amended complaint.

19  For the reasons stated below, the Court DISMISSES the amended complaint with leave to

20  amend.

21                                    **DISCUSSION**

22  A.      Standard of Review

23          A federal court must conduct a preliminary screening in any case in which a prisoner

24  seeks redress from a governmental entity or officer or employee of a governmental entity.  *See*

25  28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss

26  any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or

27  seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C.

28

1  § 1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See Balistreri v.*
2  *Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

3          To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
4  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
5  the alleged violation was committed by a person acting under the color of state law.  *See West v.*
6  *Atkins*, 487 U.S. 42, 48 (1988).

7  B.   Legal Claims

8          In screening Plaintiff's original complaint, the Court noted that Plaintiff had not linked
9  any allegation of constitutional wrongdoing to any named Defendant.  The Court also advised
10 Plaintiff that he failed to provide a short and plain statement of each claim he was asserting.
11 Plaintiff was directed to allege specifics rather than conclusory statements, and was informed
12 that a supervisor may be liable under § 1983 only upon a showing of (1) personal involvement in
13 the constitutional deprivation or (2) a sufficient causal connection between the supervisor's
14 wrongful conduct and the constitutional violation.  *Redman v. County of San Diego,* 942 F.2d
15 1435, 1446 (9th Cir. 1991) (en banc).  The Court instructed Plaintiff to correct the noted
16 deficiencies and file an amended complaint.

17         In his amended complaint, Plaintiff names as defendants: Ed Foulk, former executive
18 director of NSH; Dolly Matteucci, acting director of NSH; Carmen Caruso, Clinical
19 Administrator at NSH; and Susan Kessler, NSH Patients' Rights Advocate.  Plaintiff alleges
20 Defendants are aware of the unsanitary outhouses which are almost always filled with human
21 waste, and that Defendants know that there is no running water on hospital grounds for patients
22 to wash their hands.  Plaintiff also alleges that Defendants adhere to an unwritten policy that
23 those patients in the CONREP Outpatient Program must take mind-altering psychiatric drugs,
24 regardless of whether they need them.  In addition, Plaintiff asserts that Defendants support a
25 policy of keeping patients locked inside old buildings for extended periods of time rather than
26 allowing them outside. Plaintiff also generally alleges that the Defendants make "oppressive
27 rules that are worse than prison rules, deprive[] patients of everything enjoyable, educational and
28 worthwhile . . ."

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.LHK\CR.09\Carter276dwla2.wpd          2

1    Under the Due Process Clause of the Fourteenth Amendment, civilly-committed persons

2    retain substantive liberty interests, which include at least the right to basic necessities such as

3    adequate food, shelter, clothing and medical care; safe conditions of confinement; and freedom

4    from unnecessary bodily restraint. *Youngberg v. Romero*, 457 U.S. 307, 315-16 (1982).  Further,

5    the Supreme Court has recognized a liberty interest in freedom from unwanted antipsychotic

6    drugs.  *See United States v. Ruiz-Gaxiola*, 623 F.3d 684, 691 (9th Cir. 2010); *see also Riggins v.*

7    *Nevada*, 504 U.S. 127, 135 (1992) (recognizing that forcing anti-psychotic drugs on a prisoner or

8    on a detainee awaiting trial is impermissible under the federal constitution, "absent a finding of

9    overriding justification and a determination of medical appropriateness).

10    However, as with Plaintiff's original complaint, Plaintiff's amended complaint fails to

11    provide a short and plain statement regarding each claim, including the conduct of each

12    individual defendant that he asserts is responsible for these alleged constitutional violations.

13    Plaintiff must specifically identify what each named defendant did or did not do in order to state

14    a claim with regard to each separate claim.  Although in order to state a claim a complaint "does

15    not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his

16    'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of

17    the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a

18    right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955,

19    1964-65 (2007) (per curiam) (citations omitted).  A complaint must proffer "enough facts to state

20    a claim for relief that is plausible on its face." *Id.* at 1974.  Accordingly, Plaintiff will be granted

21    one last opportunity to allege specifics.

22    In his second amended complaint, Plaintiff must establish legal liability of each person

23    for the claimed violation of his rights.  Plaintiff should state each claim separately, and for each

24    separately claimed violation of his constitutional rights, he must state what occurred and,

25    preferably, the date(s) on which the events occurred.  For example, he should state the time

26    frame in which Defendants X, Y, and Z became aware of the unsanitary conditions of the

27    outhouses, which outhouses are affected, the dates on which Plaintiff observed these conditions,

28    etc.  He also must identify each Defendant he proposes to hold liable for each claim, and allege

facts showing what each of those persons did or failed to do that violated his constitutional rights.  Liability may be imposed on an individual defendant under section 1983 if the Plaintiff can show that the Defendant proximately caused the deprivation of a federally protected right.  *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).  A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  *See Leer*, 844 F.2d at 633; *see, e.g., Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) (prison official's failure to intervene to prevent Eighth Amendment violation may be basis for liability).  Sweeping conclusory allegations will not suffice; Plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights.  *Leer*, 844 F.2d at 634.

Accordingly, the amended complaint is DISMISSED WITH LEAVE TO AMEND.  Plaintiff will be provided with thirty days in which to amend to correct the deficiencies in his amended complaint if he can do so in good faith.  The second amended complaint will supercede all previous complaints.  The second amended complaint may not incorporate by reference any parts of the previous complaints or filings in another action.  The second amended complaint must be a completely new and self-contained document.  **Failure to file a second amended complaint in accordance with this order will result in dismissal of Plaintiff's claims.**

**CONCLUSION**

1.      Plaintiff's amended complaint is DISMISSED with leave to amend.

2.      Plaintiff shall file a SECOND AMENDED COMPLAINT within **thirty days** from the date this order is filed to cure the deficiencies described above.  The second amended complaint must include the caption and civil case number used in this order (C 09-5276 LHK (PR)) and the words SECOND AMENDED COMPLAINT on the first page.  Plaintiff may not incorporate material from the prior complaints by reference.  **Failure to file a second amended complaint within thirty days and in accordance with this order will result in dismissal of this action.**

3.      Plaintiff is advised that an amended complaint supersedes the original complaint.

1   "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged

2   in the amended complaint."  *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

3   Defendants not named in an amended complaint are no longer defendants.  *See Ferdik v.*

4   *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

5      4.  It is the Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

6   Court informed of any change of address by filing a separate paper with the clerk headed "Notice

7   of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to

8   do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule

9   of Civil Procedure 41(b).

10      IT IS SO ORDERED.

11   DATED:   12/17/2010        _____

12           LUCY H. KOH

         United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28