IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY R. CARTER,<br><br>    Plaintiff,<br><br>  v.<br><br>ED FOULK, et al.,<br><br>    Defendants. | No. C 09-5276 LHK (PR)<br><br>ORDER OF SERVICE;<br>DIRECTING DEFENDANTS<br>TO FILE DISPOSITIVE<br>MOTION OR NOTICE<br>REGARDING SUCH MOTION |

Plaintiff, a civilly committed patient at Napa State Hospital ("NSH"), proceeding *pro se*, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. On December 17, 2010, the Court dismissed the amended complaint with leave to amend and directed Plaintiff to file a second amended complaint alleging more specific facts. Plaintiff filed a letter, stating that he was not able to re-state his claims in any other way. The Court construes Plaintiff's letter as a request for reconsideration and re-screens the amended complaint. For the reasons stated below, the Court orders service of the amended complaint upon named Defendants.

**DISCUSSION**

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss

1  any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or
2  seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C.
3  § 1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See Balistreri v.*
4  *Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

5        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
6  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
7  the alleged violation was committed by a person acting under the color of state law.  *See West v.*
8  *Atkins*, 487 U.S. 42, 48 (1988).

9  B.    <u>Legal Claims</u>

10       Plaintiff names the following four defendants: Ed Foulk, former executive director of
11 NSH; Dolly Matteucci, acting director of NSH; Carmen Caruso, Clinical Administrator at NSH;
12 and Susan Kessler, NSH Patients' Rights Advocate.  Plaintiff alleges Defendants are aware of
13 the unsanitary outhouses which are almost always filled with human waste, and that Defendants
14 know that there is no running water on hospital grounds for patients to wash their hands.
15 Plaintiff also alleges that Defendants adhere to an unwritten policy that those patients in the
16 CONREP Outpatient Program must take mind-altering psychiatric drugs, regardless of whether
17 the drugs are needed.  In addition, Plaintiff asserts that Defendants support a policy of keeping
18 patients locked inside old buildings for extended periods of time rather than allowing them
19 outside. Plaintiff also generally alleges that the Defendants make "oppressive rules that are
20 worse than prison rules, deprive[] patients of everything enjoyable, educational and worthwhile .
21 . ."

22       Under the Due Process Clause of the Fourteenth Amendment, civilly-committed persons
23 retain substantive liberty interests, which include at least the right to basic necessities such as
24 adequate food, shelter, clothing and medical care; safe conditions of confinement; and freedom
25 from unnecessary bodily restraint.  *Youngberg v. Romero*, 457 U.S. 307, 315-16 (1982).  Further,
26 the Supreme Court has recognized a liberty interest in freedom from unwanted antipsychotic
27 drugs.  *See United States v. Ruiz-Gaxiola*, 623 F.3d 684, 691 (9th Cir. 2010); *see also Riggins v.*
28 *Nevada*, 504 U.S. 127, 135 (1992) (recognizing that forcing anti-psychotic drugs on a prisoner or

1 on a detainee awaiting trial is impermissible under the federal constitution, "absent a finding of
2 overriding justification and a determination of medical appropriateness").

3 Although Plaintiff's amended complaint is scant on specifics and details, "[s]pecific facts
4 are not necessary; the statement need only give the defendant fair notice of what the . . . . claim
5 is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations
6 and internal quotation marks omitted). Moreover, his general allegations appear to be enough to
7 raise a right to relief above speculation. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-
8 56, (2007); *see also Starr v. Baca*, 2011 WL 477094, *10 (9th Cir. 2011) (discussing the notice-
9 pleading theory of Rule 8(a), and stating, "The theory of the federal rules is that once notice-
10 giving pleadings have been served, the parties are to conduct discovery in order to learn more
11 about the underlying facts."). Therefore, out of an abundance of caution, and cognizant that a
12 pro se plaintiff need only provide defendants with fair notice of his claims and the grounds upon
13 which they rest, *see Hearns v. Terhune*, 413 F.3d 1036, 1043 (9th Cir. 2005), the Court
14 concludes that, liberally construed, Plaintiff has stated cognizable claims for relief under the Due
15 Process Clause of the Fourteenth Amendment.

## CONCLUSION

17    1.    The Clerk shall issue a summons, and the United States Marshal shall serve,
18 without prepayment of fees, copies of the amended complaint in this matter (docket no. 9), all
19 attachments thereto, and copies of this order on: **Acting Director Dolly Matteucci**, **Clinical**
20 **Director / Recreational Therapist Carmen Caruso**, and **Patients' Rights Advocate Susan**
21 **Kessler** of **Napa State Hospital** in **Napa, CA**, and **Former Director Ed Foulk** at the **Los**
22 **Angeles County Jail.** The Clerk shall also serve a copy of this order on Plaintiff and mail a
23 courtesy copy of the amended complaint to the California Attorney General's Office.

24    2.    No later than **ninety (90) days** from the date of this order, Defendants shall file a
25 motion for summary judgment or other dispositive motion with respect to the cognizable claims
26 in the complaint.

27        a.    If Defendants elect to file a motion to dismiss on the grounds that Plaintiff
28 failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),

Defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

      b.    Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.**

3.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **thirty (30) days** from the date Defendants' motion is filed.

      a.    In the event Defendants file an unenumerated motion to dismiss under Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies.  The motion will, if granted, result in the dismissal of your case.  When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims.  If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

      b.    In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  *See Wyatt v. Terhune*, 315 F.3d at 1120 n.14.

> properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

*See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial.  *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

       4.      Defendants <u>shall</u> file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

       5.      The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

       6.      All communications by the Plaintiff with the court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

       7.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order is required before the parties may conduct discovery.

       For Plaintiff's information, the proper manner of promulgating discovery is to send demands for documents or interrogatories (for example, questions asking for specific, factual responses) directly to Defendants' counsel.  *See* Fed. R. Civ. P. 33-34.  The scope of discovery is limited to matters "relevant to the claim or defense of any party . . ."  *See* Fed. R. Civ. P. 26(b)(1).  Discovery may be further limited by court order if "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more

convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2).  <u>In order to comply with the requirements of Rule 26, before deciding to promulgate discovery, Plaintiff may find it to his benefit to wait until Defendants have filed a dispositive motion which could include some or all of the discovery Plaintiff might seek</u> .  In addition, no motion to compel will be considered by the Court unless the meet-and-confer requirement of Rule 37(a)(2)(B) and N.D. Cal. Local Rule 37-1 has been satisfied.  Because Plaintiff is detained, he is not required to meet and confer with Defendants in person.  Rather, if his discovery requests are denied, and he intends to seek a motion to compel, he must send a letter to Defendants to that effect, offering them one last opportunity to provide him with the sought-after information.

       8.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:   4/13/11

*/s/ Lucy H. Koh*
LUCY H. KOH
United States District Judge